# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

COREY LYONS,

    Petitioner,

v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-cv-548
JUDGE JAMES L. GRAHAM
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 12, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 8.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation.* (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED.** The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

The Court **GRANTS** a certificate of appealability, in part.

Petitioner challenges his March 2016 convictions after a jury trial in the Jefferson County Court of Common Pleas on having a weapon while under disability, tampering with evidence, carrying a concealed weapon, and failure to comply with an order or signal of a police officer. He asserts that he was denied a fair trial because the prosecutor unconstitutionally used a peremptory challenge to strike the sole African-American from the jury panel (claim one); that his convictions violate the Double Jeopardy Clause (claim two); and that the evidence is constitutionally insufficient to sustain his conviction on tampering with evidence (claim three).

The Magistrate Judge recommended dismissal of all of these claims on the merits. Petitioner objects to those recommendations.

Petitioner objects to the recommendation of dismissal of his claim under *Batson v. Kentucky,* 476 U.S. 79 (1986). He again argues that the prosecutor improperly removed the sole potential African-American from the jury when she stated that she believed that he would be partial to the defendant—or reluctant to find him guilty—based on their shared race. Petitioner maintains that it does not matter if the prosecutor provided other race-neutral explanations for her removal of the juror, in view of her race-based explanation. He argues that the Court of Appeals ignored the prosecutor's stated bias, thereby unreasonably applying federal law of the United States Supreme Court. In other words, according to the Petitioner, *Batson* requires the prosecutor to offer solely race-neutral explanations for exercising a race-based peremptory challenge, and the prosecutor failed to do so here.[1]

---

[1] The prosecutor stated as follows:

> [T]he State has concerns about two jurors who have had family members prosecuted by prosecutors in Jefferson County, one is Mr. James. . . only one of them is African-American . . . .
>
> Mr. James lives on spring Avenue, which is in downtown Steubenville. He is the only African-American on the panel and his facial expressions and his answers were a little bit different when I asked "Would you feel pressure to acquit him or would you be scared if you voted guilty in this case? And so he's – he's answering one way but certainly he – *he paused and he grimaced about the idea that it is difficult quite frankly for people that live in the downtown area or the hilltops, particularly when they're African-American, to vote.*
>
> On top of that and I know there was some leading questions when Mr. Miller had a chance to explain to him that he would be guided by the spirit, that he would be in prayer during the witnesses and during the deliberations and that he would be meditating.
>
> And I think the combination of the family members with prior convictions in Jefferson County prosecuted by Jefferson County, the location, *his reaction to being asked about having to either acquit or find another African-American guilty,* combined with his reliance on the spirit and meditation during the trial and during the deliberations are enough for there to be a race neutral reason to excuse that juror.

(*Transcript*, ECF No. 6-1, PAGEID # 286-87) (emphasis added).

2

The Sixth Circuit has rejected this same argument that *Batson* and its progeny require a "per se" approach, under which any improper discriminatory motivation violates *Batson*. *Akins v. Easterling*, 648 F.3d 380, 389-92 (6th Cir. 2011), *Id.* at 389 (*citing Kesser v. Cambra,* 465 F.3d 351, 372 (9th Cir. 2006) ("[W]here both race-based and race-neutral reasons have motivated a challenged decision . . . the Court allows those accused of unlawful discrimination to prevail, despite clear evidence of racially discriminatory motivation, if they can show that the challenged decision would have been made even absent the impermissible motivation, or, put another way, that the discriminatory motivation was not a "but for" cause of the challenged decision.") (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 270 n.21 (1977)). In so doing, the Sixth Circuit noted that the Supreme Court in *Snyder v. Louisiana*, 552 U.S. 472, 485 (2008), suggested "that proving discriminatory intent does not require showing that race was the sole motivation for the peremptory strike." *Akins*, 648 F.3d at 390. The Supreme Court stated:

> In other circumstances, we have held that, once it is shown that a discriminatory intent was a substantial or motivating factor in an action taken by a state actor, the burden shifts to the party defending the action to show that this factor was not determinative. *See Hunter v. Underwood*, 471 U.S. 222, 228, 105 S.Ct. 1916, 85 L.Ed.2d 222 (1985). We have not previously applied this rule in a *Batson* case, and we need not decide here whether that standard governs in this context. For present purposes, it is enough to recognize that a peremptory strike shown to have been motivated in substantial part by discriminatory intent could not be sustained based on any lesser showing by the prosecution.

*Snyder*, 552 U.S. at 485.[2]

---

[2] The Supreme Court declined to address the issue in *Foster v. Chatman*, -- U.S. --, --, 136 S.Ct. 1737, 1754 n.6 (2016), stating:

> In *Snyder*, we noted that we had not previously allowed the prosecution to show that "a discriminatory intent [that] was a substantial or motivating factor" behind a strike was nevertheless not "determinative" to the prosecution's decision to exercise the strike. 552 U.S., at 485, 128 S.Ct. 1203. The State does not raise such an argument here and so, as in *Snyder,* we need not decide the availability of such a defense.

*Id*.

The *Akins* court concluded that the state court's application of a "sole-motivation standard, rather than a per se approach or mixed-motive standard" did not violate 28 U.S.C. § 2254(d). *Id*. at 392.

> Most damaging to Akins's claim . . . the Supreme Court used the word "solely" in the *Batson* decision itself: "the Equal Protection Clause forbids the prosecutor to challenge potential jurors *solely* on account of their race." *Batson*, 476 U.S. at 89, 106 S.Ct. 1712 (emphasis added). The Supreme Court has repeated the "solely" phrasing from *Batson* in subsequent decisions. *See United States v. Martinez–Salazar*, 528 U.S. 304, 315, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) ("Under the Equal Protection Clause, a defendant may not exercise a peremptory challenge to remove a potential juror solely on the basis of the juror's gender, ethnic origin, or race." (emphasis added)); *J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 146, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994) ("When persons are excluded from participation in our democratic processes solely because of race or gender, this promise of equality dims, and the integrity of our judicial system is jeopardized." (emphasis added)); *Powers*, 499 U.S. at 409, 111 S.Ct. 1364 ("We hold that the Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race...." (emphasis added)). Lower federal courts also continue, even after *Snyder,* to include the "solely" phrasing in their decisions. *See, e.g., United States v. Taylor*, 636 F.3d 901, 904 (7th Cir. 2011); *United States v. Lewis*, 593 F.3d 765, 770 (8th Cir.), *cert. denied*, ––– U.S. ––––, 130 S.Ct. 3375, 176 L.Ed.2d 1260 (2010). The Supreme Court in *Batson* and its progeny, and the lower federal courts in applying *Batson*, may not have intended the inclusion of "solely" to preclude dual-motivation analysis in appropriate cases, *see Howard v. Senkowski*, 986 F.2d 24, 28–30 (2d Cir. 1993), but it nonetheless informs our analysis of the reasonableness of the state court's decision.

*Id*.

The Court is not persuaded that the record indicates that the state court unreasonably applied *Batson*. "The State gave multiple, neutral reasons for using a peremptory challenge against prospective Juror J: he would be guided by the spirit and meditating during trial and deliberations; he had a child that was prosecuted in Jefferson County; and because his verbal answers did not match his facial expressions when issues of race were discussed." *State v. Lyons*, 93 N.E.3d at 145. Additionally, "prospective Juror R, who is white, also had a family

member prosecuted and was also excused by a peremptory strike." *Id*. Moreover, the trial court's determination that Petitioner failed to establish discriminatory intent is entitled to extreme deference in these proceedings:

> [T]he trial court must evaluate not only whether the prosecutor's demeanor belies a discriminatory intent, but also whether the juror's demeanor can credibly be said to have exhibited the basis for the strike attributed to the juror by the prosecutor. We have recognized that these determinations of credibility and demeanor lie peculiarly within a trial judge's province.

*Snyder*, 552 U.S. at 477, 128 S.Ct. 1203 (internal quotation marks omitted); *see Davis v. Ayala*, ⸺ U.S. ⸺, 135 S.Ct. 2187, 2199, 192 L.Ed.2d 323 (2015) ("[A] trial court finding regarding the credibility of an attorney's explanation of the ground for a peremptory challenge is entitled to great deference." (internal quotation marks omitted)); *Hernandez v. New York*, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("Deference to trial court findings on the issue of discriminatory intent makes particular sense in this context because, as we noted in *Batson,* the finding 'largely will turn on evaluation of credibility.'" (quoting *Batson,* 476 U.S. at 98 n.21, 106 S.Ct. 1712)).

*Washington v. Roberts*, 846 F.3d 1283, 1294 (10th Cir. 2017). Thus, "in the absence of exceptional circumstances" this Court defers to that factual determinations, unless it is "clearly erroneous." *Foster*, 136 S.Ct. at 1747 (citing *Snyder*, 552 U.S. at 477). Upon review of the record, and applying this deferential standard of review, the Court concludes that Petitioner has failed to establish that relief is warranted.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claims two and three. He again argues that the Court of Appeals applied the wrong test in determining whether his convictions violated Ohio's law on allied offenses of similar import, thereby violating the Double Jeopardy Clause, and claims that the appellate court misapplied state law in its dismissal of his claim of insufficiency of the evidence. For the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, these arguments are not well taken.

5

Petitioner's *Objection* (ECF No. 9) is **OVERRULED.** The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––U.S. ––––. ––––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that Petitioner has met this burden on claims two and three, but concludes that reasonable jurists could debate whether claim one states a valid claim of the denial of a constitutional right and therefore **GRANTS** the certificate of appealability, in part, and certifies the following issue for appeal:

Is Petitioner entitled to relief under *Batson*?

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

       S/ James L. Graham.
      JAMES L. GRAHAM
      United States District Judge

Date: November 6, 2018